In re **ESCHHOLZ.**
Patent Appeal No. 2583.

Court of Customs and Patent Appeals.
May 25, 1931.

For former appeal, see 46 F.(2d) 704.

Wesley G. Carr, of East Pittsburgh, Pa. (Franklin E. Hardy and Jo Baily Brown, both of Pittsburgh, Pa., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This case was heard by us January 7, 1931, on appeal from the decision of the Board of Appeals of the United States Patent Office, and on February 2, 1931, our opinion (by the writer) was rendered, affirming the Board's decision which denied all the appealed claims. 18 C. C. P. A. ——, 46 F.(2d) 704.

Thereupon, on February 17, 1931, appellant filed petition for rehearing, which led us to again make a study of the case. The petition being granted, the case was reargued, and, upon reconsidering it in the light of the petition and argument, taken together with the original record, we have concluded that our former decision should be modified. In that decision we quoted the four claims at issue, 12, 20, 21, and 23. It is therefore deemed sufficient to here quote claim 20:

"20. In combination, a tank, an insulating oil contained in the tank, electrical apparatus contained in the tank immersed in said oil, an atmosphere above the oil within the tank, a deoxidizing agent in contact with

the atmosphere for coacting with oxygen in said atmosphere to produce a hygroscopic oxide, thus producing an inert and substantially dry atmosphere within said tank."

The decision of the Board, as quoted in our former opinion, points out that a patent to Green, 1,326,049, of December 23, 1919, provides an "atmosphere of *dehydrated nitrogen,* * * * which may fluctuate between the free space and a gas holder," but it was further said that, in Green, "no natural atmosphere is allowed to enter." (Italics ours.)

It was further stated that patent to Hauser, No. 1,534,448, April 21, 1925, "shows a transformer in which natural atmosphere may enter during changes of temperature of the apparatus and means to absorb *moisture* from any air that enters," while Blanchard, No. 96,871, November 16, 1869, and Wallace et al., No. 1,154,145, September 21, 1915, show "that as a chemical step the *oxygen* may be directly removed from air leaving pure nitrogen." (Italics ours.)

A question is raised as to the validity of the Hauser patent as a reference here; it having been copending with appellant's application. This is an interesting issue, but, in view of our conclusion, it is not necessary to pass upon it in this case.

The disclosures of those patents are as stated, but we feel that probably in measuring appellant's device the tribunals of the Patent Office, and we ourselves, failed to give the weight which should have been given to the fact that the particular problem which appellant sought to solve, and, apparently, did solve, by his combination, concerned *hot oil* in a closed tank and the matter of keeping *oxygen* therefrom and also eliminating moisture.

In claim 20 in particular appellant has as the last element mentioned:

" * * * A deoxidizing agent in contact with the atmosphere for coacting with oxygen in said atmosphere to produce a hygroscopic oxide, thus producing an inert and substantially dry atmosphere within said tank."

There is thus disclosed a single means for removing both oxygen and moisture which, as appellant states in his petition, is not suggested by the prior art.

In our former opinion, we took occasion to say that appellant had, apparently, wrought an improvement in the art, and upon careful reconsideration we have become convinced that he has created a combination which, as such, produces a new and useful result, and that its production involved invention. He is entitled under the well-settled rule of law to have the benefit of any genuine doubt which may exist.

We think, however, that claims 12, 20, and 21 contain all that is requisite to protect his invention.

Our former decision is modified to the extent that we hold claims 12, 20, and 21 to be patentable. The decision of the Board of Appeals is reversed as to these and reaffirmed as to claim 23.

Modified.

## In re DANN.
### Patent Appeal No. 2706.

Court of Customs and Patent Appeals.
May 25, 1931.

Wesley G. Carr, of East Pittsburgh, Pa. (Franklin E. Hardy, of Pittsburgh, Pa., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.